LESLIE L. ABBOTT (SBN 155597)
leslieabbott@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

ERIC D. DISTELBURGER (SBN 330042)
ericdistelburger@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendants
FERGUSON FIRE & FABRICATION, INC.,
FERGUSON ENTERPRISES, INC., and
FERGUSON ENTERPRISES, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN GILLIES, an individual on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>FERGUSON FIRE & FABRICATION, INC., a California corporation; FERGUSON ENTERPRISES, INC., a Virginia corporation, FERGUSON ENTERPRISES, LLC, a Virginia limited liability company; and DOES 1 through 50, inclusive<br><br>　　　　　　Defendants. | Case No. _____<br><br>**DEFENDANTS FERGUSON FIRE & FABRICATION, INC., FERGUSON ENTERPRISES, INC., AND FERGUSON ENTERPRISES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>San Joaquin County Superior Court, Case No. STK-CV-UOE-2023-11551 |

LEGAL_US_W # 118250712.6

DEFENDANTS' NOTICE OF REMOVAL
OF CIVIL ACTION
USDC CASE NO. _____

TO THE CLERK OF THE COURT, PLAINTIFF BRIAN GILLIES, AND PLAINTIFF'S ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Ferguson Fire & Fabrication, Inc. ("FF&F"), Ferguson Enterprises, Inc., and Ferguson Enterprises, LLC ("Ferguson Enterprises") (collectively, "Defendants") hereby remove this action from the Superior Court of California in and for the County of San Joaquin (the "Superior Court") to this Court, based on diversity of citizenship jurisdiction under 28 U.S.C. section 1332 (as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, section 4(a), 119 Stat. 9).  In support of removal, Defendants allege as follows:

1. On November 6, 2023, Plaintiff Brian Gillies ("Plaintiff") served on Defendants' Agent for Service of Process by hand delivery a Complaint that he filed on November 2, 2023, in the Superior Court for the County of San Joaquin, entitled: "*Brian Gillies, an individual on behalf of himself and all others similarly situated, Plaintiff, vs. Ferguson Fire & Fabrication, Inc., a California corporation; Ferguson Enterprises, Inc., a Virginia corporation, Ferguson Enterprises, LLC, a Virginia limited liability company; and does 1 through 50, inclusive,*" No. STK-CV-UOE-2023-11551 (the "Action").  The service of process effected on Ferguson Enterprises included the Service of Process Notice, the Summons, Complaint, Civil Case Cover Sheet, and Notice of Hearing, true copies of which are attached hereto as Exhibits A, B, C, D, and E, respectively, to the Declaration of Teresa M. Cooper ("Cooper Decl.") at ¶ 4.  Plaintiff effected service of the same documents on (1) Ferguson Enterprises, true copies of which are attached hereto as Exhibits F, G, H, I, and J to the Cooper Decl. at ¶ 5, and (2) FF&F, true copies of which are attached hereto as Exhibits K, L, M, N, and O to the Cooper Decl. at ¶ 6.

2. On November 7, 2023, Plaintiff served Ferguson Enterprises and FF&F, by certified mail to Defendants' Agent for Service of Process, correspondence described as "Labor Code § 2698 *et seq*. Penalties – PAGA Notice

Letter to the LWDA" ("LWDA Notice").  Cooper Decl., ¶ 7.  Plaintiff, through his attorneys David Yeremian, Esq. and D. Law, purportedly submitted the LWDA Notice online to the California Labor and Workforce Development Agency on November 2, 2023.  True and correct copies of Plaintiff's LWDA Notice, and Service of Process Notice served on Ferguson Enterprises on November 7, 2023, are attached as Exhibits P and Q, respectively, to the Cooper Decl. at ¶ 7.  True and correct copies of Plaintiff's LWDA Notice, and Service of Process Notice served on FF&F on November 7, 2023, are attached as Exhibits R and S, respectively, to the Cooper Decl. at ¶ 7.

3. On November 14, 2023, Plaintiff served the LWDA Notice on Ferguson Enterprises, Inc., by certified mail to Defendants' Agent for Service of Process.  Cooper Decl., ¶ 8.  True and correct copies of Plaintiff's LWDA Notice, and Service of Process Notice served on Ferguson Enterprises, Inc. on November 14, 2023, are attached as Exhibits T and U, respectively, to the Cooper Decl. at ¶ 8.

4. The Complaint asserts nine causes of action for (1) failure to pay minimum wages; (2) failure to pay wages and overtime; (3) meal period liability (4) rest-break liability; (5) violation of Labor Code section 226(a); (6) violation of Labor Code section 203, (7) violation of Labor Code section 204, (8) failure to keep required payroll records, and (9) violation of Business and Professions Code section 17200, *et seq*.  Plaintiff purports to bring these claims on behalf of himself and a class of "All current and former employees within the State of California who, at any time from four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt hourly employees by Defendants . . . ." Cmplt., ¶ 1.  The allegations in the Complaint are incorporated into this Notice by reference without admitting the truth of any of them.

5. No other defendant is named in the Complaint in this Action and Defendants are informed and believe that no other defendant has been served with process in this Action.

6. On December 4, 2023, Defendants filed their Answer to Plaintiff's Complaint, which was served by mail to Plaintiff's counsel. A true copy of Defendants' Answer is attached as Exhibit A to the Declaration of Eric Distelburger ("Distelburger Decl.") at ¶ 2.

7. The Service of Process Notice, the Summons, Complaint, Civil Case Cover Sheet, and Notice of Hearing, the LWDA Notice and its accompanying Service of Process Notice, and Defendants' Answer, constitute all process, pleadings, and orders served on or by Defendants in this action. Cooper Decl. ¶ 9; Distelburger Decl. ¶ 3.

8. In accordance with 28 U.S.C. section 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the San Joaquin County Superior Court. Distelburger Decl. at ¶ 4. True copies of the Notice to Adverse Party of Removal of Civil Action and the Notice to Superior Court of Removal of Civil Action are attached hereto as Exhibits B and C, respectively, to the Distelburger Decl. at ¶ 4. Therefore, all procedural requirements under 28 U.S.C. section 1446 have been satisfied.

9. This Notice of Removal is effected properly and timely pursuant to 28 U.S.C. section 1446(b)(1), as it is filed within 30 days after Defendants were served with "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

10. Venue of this Action exists in this District pursuant to 28 U.S.C. section 1441(a) because the Superior Court is located within this District.

### Removal Is Proper Under CAFA

11. The Action is properly removed to this Court under the amended rules for diversity of citizenship jurisdiction under CAFA. CAFA amended 28 U.S.C. section 1332 to provide that a putative class action is removable to federal court if (a) any member of a class of plaintiffs is a citizen of a state different from any

defendant; (b) the proposed class members number at least 100; and (c) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). Each of these requirements is met in this Action.

### Minimal Diversity Exists

12. For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is . . . determined by her state of domicile[.]"). A plaintiff's place of residency is evidence of domicile absent affirmative allegations to the contrary. *See District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."); *Smith v. Simmons,* No. 1:05-CV-01187-OWW-GSA, 2008 U.S. Dist. LEXIS 21162, at *22 (E.D. Cal. Mar. 18, 2008) (noting that "[m]aintaining a place of residence . . . provides a 'prima facie' case of domicile"). Plaintiff is now, and was at all material times, a citizen of the State of California within the meaning of 28 U.S.C. section 1332(a). *See* Cmplt., ¶ 4 ("Plaintiff BRIAN GILLIES resides in California, [and] during the time period relevant to the Complaint, was employed by Defendants as a non-exempt hourly employee within the State of California."). Further, Defendants are informed and believe, and on that basis allege, that numerous Putative Class Members are domiciled in California. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("[D]efendant's allegations of citizenship may be based solely on information and belief.")

13. Ferguson Enterprises is now, and was at the time this action was commenced, a citizen of the Commonwealth of Virginia within the meaning of 28 U.S.C. section 1332(c)(1), because it is now and was at all material times incorporated under the laws of Virginia. *See* Cooper Decl. ¶ 11. Ferguson Enterprises is headquartered in Newport News, Virginia. *Id.* ¶ 12. Ferguson Enterprises' officers and directors are located in Newport News, Virginia, which is

also where the officers and directors engage in direction, control, and coordination of the company's activities. *Id.* Ferguson Enterprises is wholly owned by its sole member, Ferguson US Holdings, Inc., which was created and is established under the laws of Virginia, has its headquarters located in Virginia, and is controlled and operated by its officers and directors in Virginia. *Id.* ¶ 13. Additionally, from November 2, 2019 through the present, Ferguson Enterprises has not been incorporated in California and has not had its headquarters, executive offices, or officers based in California. *Id.* at ¶ 14. During this period, it has not maintained a principal place of business in California. *Id.* Thus, under the "nerve center" test, Ferguson Enterprises is a citizen of the Commonwealth of Virginia.

14. The citizenship of FF&F and Ferguson Enterprises, Inc. has no bearing on diversity with respect to removal under CAFA. Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from *any defendant*." 28 U.S.C. § 1332(d)(2) (emphasis added); *see also Hicks v. Grimmway Enters, Inc..*, No. 22-CV-2038 JLS (DDL), 2023 U.S. Dist. LEXIS 81428, at *21 (S.D. Cal. May 9, 2023) (same).

15. Accordingly, because the citizenship of at least one defendant—Ferguson Enterprises—is diverse from the citizenship of Plaintiff, the minimal diversity requirements of CAFA are satisfied.

### The Proposed Class Members Number at Least 100

16. The Proposed Class Members include: "[A]ll current and former employees within the State of California who, at any time from four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt hourly employees by Defendants." Cmplt., ¶ 1.

17. Since November 2, 2019, Ferguson Enterprises has employed no less than 4,643 non-exempt employees in the State of California. Declaration of Polly Foote ("Foote Decl.") ¶ 5. Accordingly, the requirement that the proposed class members number at least 100 is satisfied.

**The Amount in Controversy Exceeds $5,000,000**

18.  A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  "[T]he amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 82.  If challenged, under CAFA, a removing defendant need prove by only a preponderance of the evidence that the amount in controversy exceeds $5,000,000.  *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) ("A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum.").  A preponderance of the evidence requires that a defendant demonstrate that "it is more likely than not that the amount in controversy satisfies the federal diversity jurisdictional amount requirement." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (citing and quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)) (quotation marks omitted).

19.  For purposes of removal, the amount in controversy is simply "an *estimate* of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (emphasis added).  The removing defendant's burden "is not 'daunting,'" and "a removing defendant is *not* obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010), *aff'd*, 631 F.3d 1010 (9th Cir. 2011) (quoting *Muniz v. Pilot Travel Ctrs. LLC*, No. Civ. S-07-0325 FCD EFB, 2007 WL 1302504, at *2 (E.D. Cal. May 1, 2007)) (emphasis in original).  Moreover, under 28 U.S.C. § 1446(a), a notice of removal need only contain a "short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).

1    20.    Under the removal statute, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

21.    Plaintiff alleges that Defendants engaged in systemic violations: "Defendants' willful actions resulted in systematic underpayment of wages to Class Members, including underpayment of overtime pay to Class Members over the relevant time period "(Cmplt. ¶ 15); and "Defendants had a consistent policy of not paying Class Members wages for all hours worked, including by requiring off the clock [work]. Defendants, and each of them, have intentionally avoided paying Class Members all earned and owed straight time and overtime wages and other benefits, in violation of the California Labor Code."  Cmplt. ¶ 60.

22.    As a result, Plaintiff contends that "Defendants violated [the California Labor Code] by failing to pay Class Members (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a workday or in excess of forty (40) hours in any workweek or the first eight (8) hours worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve (12) hours in any one (1) day or for hours in excess of eight (8) on any seventh day of work in a workweek."  Cmplt. ¶ 59.

23.    For the time period of November 2, 2019 through April 28 2023, the average base rate of pay for the Ferguson Enterprises' hourly employees in California was $24.03; and their average overtime rate of pay was at least $36.05 ($24.03 x 1.5).  Foote Decl. ¶ 6.  Ferguson Enterprises' hourly employees in California worked a total of at least 420,988 workweeks during the same period. *Id*. at ¶ 7.  Assuming that the Ferguson Enterprises' hourly employees in California worked one hour of unpaid overtime a week, the minimum amount in controversy for overtime alone is $15,176,617.40 ($36.05 [average overtime rate of pay] x

1  420,988 [workweeks] = $15,176,617.40).[1]

2  24.  Since the foregoing analysis is based on only one of the nine causes of action brought by Plaintiff (against only one of the three Defendants) for purported class-wide damages and statutory penalties, without admitting that Plaintiff and/or the purported class could recover *any* damages, there is no question that the amount in controversy in this action exceeds $5,000,000, as the calculation above does not account for Plaintiff's remaining causes of action or request for attorneys' fees. Taking those causes of action and the other Defendants into account would increase the amount in controversy.

25.  Accordingly, the amount in controversy exceeds the jurisdictional threshold for removal under CAFA.

26.  In setting forth this calculation, Defendants do not admit that they are liable to Plaintiff and the Putative Class Members in this amount or any amount.

///
///
///
///
///
///

---

[1] Plaintiff's allegation of being subject to the "same systemic violations" justifies assuming up to one-hour of unpaid overtime per workweek per Putative Class Member. *Morgan v. Childtime Childcare, Inc.,* No. SACV 17-01641 AG (KESx), 2017 U.S. Dist. LEXIS 186537, at *8-9 (C.D. Cal. Nov. 10, 2017); *see also Long v. Destination Maternity Corp.*, No. 15-cv-02836-WQH (RBBx) 2016 WL 1604968, at * 7 (S.D. Cal. Apr. 21, 2016) (finding that an assumption of "one hour of unpaid overtime per putative class member per week" is a reasonable estimate "based on the allegations that Defendant engaged in a uniform policy of failing to pay overtime wages . . . ."); *Wheatley v. MasterBrand Cabinets, LLC*, No. EDCV 18-2127 JGB (SPx), 2019 U.S. Dist. LEXIS 26201, at *13 (C.D. Cal. Feb. 19, 2019) (finding "an estimate of one hour per class member per week to be appropriate in light of Plaintiff's allegation that Defendant had a 'pattern and practice' of wage abuse, including overtime violations.").

27. Based on the foregoing, all requirements under 28 U.S.C. section 1332(d) are satisfied and the Action may be removed to this Court on grounds of diversity of citizenship jurisdiction under CAFA.

Dated:  December 5, 2023         PAUL HASTINGS LLP

By: *Leslie Abbott*

Attorneys for Defendants
FERGUSON FIRE & FABRICATION, INC., FERGUSON ENTERPRISES, INC., AND FERGUSON ENTERPRISES, LLC

LEGAL_US_W # 118250712.6